UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JIMMY DOUGLAS CRAFT** | **CASE NO. 2:22-CV-02703** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PROCTOR FINANCIAL INC** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 16] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendant Hamilton DAC ("Hamilton"). Plaintiff opposes the motion. Doc. 24.

## I.
### BACKGROUND

This suit arises from damage to a home in Lake Charles, Louisiana, during Hurricane Laura and Hurricane Delta. At all relevant times the home was insured under a lender-placed policy issued by Hamilton. Doc. 20. The only insured named under the policy was the homeowner's mortgage lender, Bayview Loan Servicing, LLC, subsequently renamed Community Loan Servicing, LLC ("CLS"). *Id.* at 1, 90. The policy's terms require that "[l]oss shall be adjusted with and made payable to the Named Insured unless another payee is specifically named." *Id.* at 11. Neither plaintiff, Jimmy Douglas Craft, nor his predecessor in interest, Kenneth Raymond Craft, is specifically named

anywhere in the policy.[1] The policy defines the word "borrower" but the only relevant policy condition relating to that person is the subrogation clause. *Id.* at 9, 11.

Plaintiff filed suit in this court on August 15, 2022, alleging that defendant failed to timely or adequately compensate him for covered losses.[2] Accordingly, he seeks relief under theories of breach of contract and bad faith. Defendant moves to dismiss same on the basis that plaintiff does not have an insurable interest under the policy. Doc. 16. Plaintiff opposes the motion. Doc. 24.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts

---

[1] According to the complaint, Jimmy Douglas Craft was placed in possession of the property on June 25, 2019, after being recognized as the sole heir of the deceased original owner Kenneth Raymond Craft. Doc. 1, ¶ 3.
[2] Specifically, plaintiff asserts that defendant issued deficient payments after an inspection on June 23, 2022. Doc. 1, ¶ 11. There is no indication of when the loss was first reported.

'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

Because the insurance policy is referenced in and central to the complaint, the court may review it in association with this 12(b)(6) motion. To state a claim for relief based on an insurance policy, a plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of that policy. *Brown v. Am. Modern Home Ins. Co.*, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017) (internal citations omitted). Here the relevant inquiry is whether plaintiff is a third-party beneficiary.

Under Louisiana law, third party beneficiary status must be conferred by contract under what is known as a *stipulation pour autrui*. *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44, 47 (5th Cir. 2010) (unpublished). This status is never presumed, and the party claiming the benefit bears the burden. *Joseph v. Hosp. Svc. Dist. No. 2 St. Mary Par.*, 939 So.2d 1206, 1212 (La. 2006). To this end, he must show that (1) the contract manifests a clear intention to benefit the third party; (2) there is certainty as to the benefit provided; and (3) the benefit is not merely an incident of the contract. *Brown*, 2017 WL 2290268 at *4 (citing *Joseph*, 939 So.2d at 1212–13).

Courts in this circuit have had ample opportunity to consider third-party beneficiary status under lender-placed homeowner's insurance policies. These policies are designed to

insure the lender's collateral whenever the borrower fails to maintain adequate insurance coverage. *Williams*, 398 F. App'x at 46. Though the borrowers are typically listed on the policy and pay premiums through the lender, such circumstances are insufficient to create third-party beneficiary status unless the borrower is also due some sort of benefit under the policy. *Id.* Where, however, there is a definite benefit to the homeowner within the policy, he may be a third-party beneficiary. *See Lee v. Safeco Ins. Co. of Am.*, 2008 WL 2622997 (E.D. La. Jul. 2, 2008) (stipulation *pour autrui* created where lender-placed policy provided that any loss payment exceeding the mortgagee's interest must be paid to homeowner).

Plaintiff is not a "named insured" under the policy and only potentially identified therein as a "borrower." The policy does not reflect an intent, let alone a clear one, to benefit him. Accordingly, plaintiff's claims arising from the insurance contract are without merit and his related claims for bad faith must also be dismissed.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 16] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 13th day of April, 2023.

*[signature]*

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE